STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-91
PAF -YOR- 4/9/2001

13 MAIN STREET, INC.,

     Plaintiff

  v.

TOWN OF OGUNQUIT,

     Defendant

ORDER
AND
DECISION

This suit involves a request for a liquor license, a complex appellate procedure and the interpretation of portions of Maine's Freedom of Access law, see 1 M.R.S.A. §§ 401- *et seq.*

The plaintiff corporation does business in Ogunquit as The Club and The Rooftop Cafe. On or about April 18, 2000 the Ogunquit Board of Selectmen denied the plaintiff's request for a liquor license for the 2000 season for the Rooftop Cafe portion of the plaintiff's business. The plaintiff then appealed to the Bureau of Liquor Enforcement (Bureau), pursuant to 28-A M.R.S.A. §653(3), which reversed the decision of the Selectmen and issued the requested liquor license. The Town then appealed to the Administrative Court, pursuant to 28-A M.R.S.A. §653(5), which dismissed the appeal on September 5, 2000 on a procedural issue dealing with service of process.

On September 19, 2000 the Selectmen met with their attorney in executive session to discuss legal issues. It is this executive session which forms the basis of the current suit in which the plaintiff claims several violations of the Freedom of

Access law. On September 28, 2000 the Town filed an appeal to the Law Court regarding the decision of the Administrative Court. The parties have informed me that the Law Court has remanded that appeal to the District Court which has been granted jurisdiction over the majority of the types of cases, including this dispute, formerly handled by the now defunct Administrative Court. See the current text of 28-A M.R.S.A. §653(5) effective March 15, 2001. Therefore the appeal by the Town from the issuance of a license for 2000 by the Bureau is now before the District Court. In the meantime the plaintiff's request for a license for 2001 has been denied by the Selectmen and an appeal of that denial is before the Bureau.

The current suit is not moot for at least two reasons. First, the Law Court did not dismiss the appeal as moot and potential relief available to the plaintiff in this case is a declaration by the Superior Court that the decision to appeal to the Law Court is "null and void". See 1 M.R.S.A. §409(2). If such an order was entered the proceedings from the 2000 appeal would be over. Second, two of the three standard exceptions to the mootness doctrine, see *Lewiston Daily Sun v. School Administrative District No. 43*, 1999 Me. 143 ¶17, 738 A.2d 1239, 1243, might apply in that a decision can provide future guidance to the bar and public in an area of great public concern and in that there are issues that are capable of repetition but evading review because of their fleeting or determinate nature.

Did the Selectmen violate the Freedom of Access Act in going from public to executive session? The answer is yes. The procedures governing executive sessions are set forth at 1 M.R.S.A. §405. The selectmen failed to comply with 1 M.R.S.A.

2

§405(3) which states that "Executive sessions may be called only by a public, recorded vote of 3/5 of the members, present and voting, of such bodies or agencies." There was no recorded vote to go from public to executive session. There is also no evidence of compliance with 1 M.R.S.A. §405(4) which requires that, "A motion to go into executive session shall indicate the precise nature of the business of the executive session." Therefore the Selectmen did not follow the precise procedures necessary to properly go into executive session.

Could the Selectmen consult with their attorney in executive session regarding pending litigation? They certainly could pursuant to 1 M.R.S.A. §405(6)(E) which reads as follows:

> "Consultations between a body or agency and its attorney concerning the legal rights and duties of the body or agency, pending or contemplated litigation, settlement offers and matters where the duties of the public body's counsel to his client pursuant to the code of professional responsibility clearly conflict with this subchapter or where premature general public knowledge would clearly place the State, municipality or other public agency or person at a substantial disadvantage."

Did the Selectmen make a decision in executive session which could only be made in public session? Here the answer is unclear. The parties have submitted conflicting evidence and arguments. The Town states that on June 27, 2000 the Selectmen took the following public vote, "A Motion was made and seconded to appeal the decision of the Liquor Commission with regard to The Club/Harold Feldberg." That motion passed 4 to 1. The Town further argues that the initial vote to pursue an appeal encompassed any and all further appeals and that no vote to further appeal was taken or needed at the Selectmen's meeting on September 19,

3

2000. The plaintiff argues that the selectmen discussed the litigation in executive session which is proper but then voted in executive session to appeal further which is not proper. See 1 M.R.S.A. §405(2) which prohibits the final approval of ". . . other official actions" in executive session. The plaintiff argues that the vote to appeal must be taken in public session.

I cannot with sufficient certainty determine whether the vote of June 27, 2000 included authorization to appeal to the Law Court if need be or whether "official action" was finally approved in executive session on September 19, 2000. I can declare that the proper procedures to go into executive session were not followed and that the plaintiff might be entitled to costs, but not attorney's fees, at the end of this case.

If the parties believe that a hearing in this case is still necessary, as the 2001 appellate process is underway, they may inform the Clerk and one will be scheduled on the issues of what the June 27, 2000 vote authorized and whether final approval of official actions took place in executive session on September 19, 2000.

The entry is:

> Plaintiff's amended motion for summary judgment is denied.
>
> Plaintiff's motion for leave to file a reply memorandum exceeding 7 pages in length is granted.
>
> Defendant's motion to strike is denied.
>
> Plaintiff's motion for enlargement of time is granted.

Dated:      April 9, 2001

Paul A. Fritzsche
Justice, Superior Court

John C. Bannon, Esq. - PL
Roy T. Pierce, Esq. - DEF

4